THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. THOMAS C. BRAUN, Plaintiff in Error.

*Opinion filed October 28, 1910.*

1. CONSTITUTIONAL LAW—*court will not undertake independent search to determine whether statute was passed.* In Illinois the Supreme Court will not, at the suggestion or request of counsel, undertake to search the journals of the legislature to ascertain whether a certain act was regularly passed.

2. SAME—*court will take judicial notice that an act is found in statutes.* The Supreme Court will take judicial notice that an act is found in our statutes, and if no evidence is offered to impeach the act by showing that it was not passed, the court will not hunt for such evidence in the journals of the legislature.

3. SAME—*reference to act to be amended need be only sufficient for identification.* If the reference to the act to be amended, in the title and body of the amendatory act, is sufficient for identification it is all that the law requires.

4. SAME—*title of act not required to be an index of its details.* Section 13 of article 4 of the constitution, which provides that only one subject shall be embraced in the act and that subject shall be expressed in its title, is complied with if all the provisions of the act relate to one subject indicated in the title, and are parts of it and incidental to or reasonably connected with it.

5. SAME—*Pandering act of 1909 does not violate section 13 of article 4 of constitution.* The facts that the title of the Pandering

act of 1909 provides "what shall be a defense" whereas the body of the act states that certain things shall *not* be a defense, and that the act provides that a wife may be a competent witness against her husband whereas the title only refers to "the competency of certain testimony," do not constitute a violation of section 13 of article 4 of the constitution.

6. SAME—*provision of the Pandering act that wife may testify against husband is valid.* The provision of the Pandering act of 1909 that a wife may be a competent witness against her husband is not unconstitutional as a revolution in the law of evidence, since no one has a vested right in the rules of evidence but the same are subject to modification and control by the legislature.

7. SAME—*what question cannot be raised.* If the crime of pandering, with which the accused is charged, was consummated in Illinois and the accused is tried and convicted in Illinois, he is not in a position to raise the point that the Pandering act is unconstitutional because it may permit a person to be prosecuted in Illinois for a crime committed in another State.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding.

W. G. ANDERSON, for plaintiff in error.

W. H. STEAD, Attorney General, and JOHN E. W. WAYMAN, State's Attorney, (ZACH HOFHEIMER, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

An information was filed by one Lena Martin in the municipal court of Chicago against the plaintiff in error, Thomas C. Braun, charging him with willfully inducing, persuading and encouraging her to leave her home in St. Louis, Missouri, and come to Chicago to be an inmate of a house of ill-fame for the purpose of prostitution. On September 18, 1909, plaintiff in error was found guilty of "pandering," as charged in said information, and sentenced by said court to six months' imprisonment in the House of Correction and to pay a fine of $300. No bill of excep-

tions is found in the record, and this writ of error is to review the law and pleadings only.

Plaintiff in error contends that the Pandering act, approved June 12, 1909, (Laws of 1909, p. 180,) is unconstitutional and void. It is first urged that the act purports to amend an act of June 1, 1908, and that the latter act was never passed by the legislature; that it could not be amended as it was never in existence. To sustain this point counsel asks the court to take judicial notice of the proceedings of the Senate and House of Representatives as found in their journals. Whatever may be the rulings in other jurisdictions, it is the settled law of this State that it is not the province of this court, at the suggestion or request of counsel, to undertake to explore the journals of the legislature for the purpose of ascertaining the manner in which a law went through the legislature. (*Illinois Central Railroad Co.* v. *Wren,* 43 Ill. 77; *Grob* v. *Cushman,* 45 id. 119; *Cantrell* v. *Seaverns,* 168 id. 165.) The Pandering act of June 1, 1908, is found in our statutes. We will take judicial notice of that fact, and no evidence having been offered to impeach it, we will not hunt for such information in the journals of the legislature. *Bedard* v. *Hall,* 44 Ill. 91.

It is further contended that said law of 1909 is without a title, because, after quoting the title of the law of 1908, no independent title is afterwards incorporated as a part of the 1909 act. If the reference to the act to be amended, in the title and body of the amendatory act, is sufficient for identification it is all that the law requires. (1 Lewis' Sutherland on Stat. Const.—2d ed.—sec. 231.) The act is not subject to the criticism urged against it on this point.

It is further contended that the act in question violates section 13 of article 4 of the constitution, which provides that only one subject shall be embraced in the act and that such subject shall be expressed in the title. It is not required that the title shall specifically and exactly express

the subject of the act or be an index of its details. The constitution is obeyed if all the provisions relate to one subject indicated in the title, and are parts of it, incident to it or reasonably connected with it. *People* v. *McBride,* 234 Ill. 146; *Ritchie* v. *People,* 155 id. 98; *Bobel* v. *People,* 173 id. 19.

The title states that the act provides "what shall be a defense," while the body of the act states that certain things shall *not* be a defense. It is insisted, therefore, that what is embraced in the body of the act is not expressed in the title. The title refers affirmatively to what is stated negatively in the body. There is nothing inconsistent in so doing and the objection seems hypercritical.

It is further urged that the act is unconstitutional because it provides that a wife may be a competent witness against her husband, whereas the title only refers to "the competency of certain evidence." There is no merit in this contention. The provisions of the act are germane to the general subject expressed in the title and are reasonably embraced therein. The act is not in violation of the constitution in the manner contended.

As we understand his argument, counsel further urges that the provision in this act allowing the wife to testify against her husband is a revolution in the law of evidence and therefore unconstitutional. No one has a vested right in the rules of evidence. They pertain to the remedy and are subject to modification and control by the legislature. (*Meadowcroft* v. *People,* 163 Ill. 56.) The wife can testify against the husband if the legislature so provides. (*Miner* v. *People,* 58 Ill. 59.) This statute does so provide.

It was further contended on oral argument that the statute is unconstitutional because under certain of its provisions a person could be prosecuted in this State for an act committed entirely within the boundaries of another State or jurisdiction. Without considering or deciding whether the statute is open to this criticism, it is a suffi-

cient answer in this case that plaintiff in error is in no position to raise the question. The crime with which he is charged was consummated in Illinois. He was convicted and tried here. If that particular provision of the act could be regarded as unconstitutional we would not hold the entire act void for that reason, hence on the facts in this case the plaintiff in error cannot invoke that point as a defense. (*Kettles* v. *People,* 221 Ill. 221; *Williams* v. *People,* 121 id. 84.) Neither do we find any basis for plaintiff in error's contention that the act in question is special legislation.

The judgment of the municipal court will be affirmed.

*Judgment affirmed.*