THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARY O'BRIEN, Plaintiff in Error.

*Opinion filed June 22, 1916.*

1. CONSTITUTIONAL LAW—*amendment of 1915, concerning prostitutes, does not violate section 13, article 4, of constitution.* The amendment of the Criminal Code in 1915 by adding section 57*a*-1, which provides a penalty for being an inmate of a house of ill-fame or for soliciting to prostitution, is not in violation of section 13 of article 4 of the constitution, relating to the titles of acts.

2. SAME—*provision of amendment of 1915 is valid as respects inmates of houses of ill-fame.* The amendment of 1915, (Laws of 1915, p. 374,) relating to prostitutes, is valid as respects inmates of houses of ill-fame without regard to the validity of the provision against soliciting on the streets, and one convicted for being an inmate cannot raise the question of validity of the other provision.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. RUFUS F. ROBINSON, Judge, presiding.

W. G. ANDERSON, and L. A. NEWBY, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and C. H. LINSCOTT, for the People.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

An information was filed in the municipal court of Chicago charging the plaintiff in error with being an inmate of a house of prostitution or assignation at a certain street and number set out in the information, in the city of Chicago, contrary to the statute. She was tried and found guilty of a violation of an act of the legislature of Illinois, (Laws of 1915, p. 374,) which act is as follows:

"Section 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That an act entitled 'An act to revise the law in relation to criminal

jurisprudence,' approved March 27, 1874, in force July 1, 1874, be amended by adding thereto additional section to be known as section 57*a*-1, as follows:

"Sec. 57*a*-1. Whoever is an inmate of a house of ill-fame or assignation, or place for the practice of fornication or prostitution or lewdness, or who shall solicit to prostitution in any street, alley, park or other place in any city, village or incorporated town in this State, shall be fined not exceeding $200, or imprisoned in the county jail or house of correction for a period of not more than one (1) year, or both."

Plaintiff in error was upon conviction sentenced to three months' imprisonment in the house of correction of Chicago and fined one dollar and costs, to reverse which judgment she has sued out a writ of error from this court, assigning as error that the law under which she was convicted is unconstitutional (1) because the subject of the act is not expressed in the title, as provided by section 13 of article 4 of the constitution; and (2) because the act is special or class legislation, in contravention of section 22 of article 4 of the constitution.

As to the first contention, it is not required that the title of an act shall specifically and exactly express the subject of the act or be an index of its details. Section 13 of article 4 of the constitution is complied with if all of the provisions of the act relate to one subject indicated in the title, and are parts of it, incident to it or reasonably connected with it. (*People* v. *Braun,* 246 Ill. 428.) In *People* v. *VanBever,* 248 Ill. 136, it was held that an enactment was not invalid or contrary to section 13 of article 4 of the constitution because the subject of the act was not expressed in the title, the title of the act merely purporting to amend the Criminal Code. In that case it was said: "It is further insisted that the act is unconstitutional because of its title, in this: that it attempts to amend the 'Criminal Code,' when, as a matter of fact, we have no criminal code in this

State, the principal act as to criminal matters being entitled one 'to revise the law in relation to criminal jurisprudence.' The rule for the guidance of courts in these matters is to ascertain the intention of the legislature, and not its mistakes, either as to law or fact. The only question is, has the legislature expressed its purpose intelligibly? If it has, the act is valid and must be upheld. (*Patton* v. *People*, 229 Ill. 512; 1 Lewis' Sutherland on Stat. Const.—2d ed.— sec. 233.) Chapter 38 of our Revised Statutes has long been known as the Criminal Code. The title to this amendatory act used the phrase 'criminal code' as synonymous with 'criminal jurisprudence.' The intention of the legislature as set forth in this title is clear and intelligible, and the objection on this point is without force." In *Fuller* v. *People,* 92 Ill. 182, it was held that where a section of the Criminal Code was adopted by the act of the General Assembly approved March 27, 1874, as a part of the revision of the statutes and in common with all the other sections of the revised Criminal Code then adopted, under the title of "An act to revise the law in relation to criminal jurisprudence," the title was sufficiently comprehensive and was not liable to any constitutional objection by reason of its generality. All of the criminal laws of the State embraced in chapter 38 of the Revised Statutes are included under the title "An act to revise the law in relation to criminal jurisprudence," and the act in question, as its title implies, was to amend "An act to revise the law in relation to criminal jurisprudence." To the same effect is *Larned* v. *Tiernan,* 110 Ill. 173. We do not think the act was open to that objection.

As to the second reason urged for the invalidity of the act, it will be noted that there are two general classes of offenses mentioned in section 1 of the act: First, that of being an inmate of a house of ill-fame; and second, soliciting, etc. As has been noted, the information charged plaintiff in error with being guilty of an offense mentioned un-

der the first clause of the act,—that is, of being an inmate of a house of prostitution. No objection is made to the form or wording of the information or that it does not describe the offense in the language of the statute. The second objection applies only to the clause of section 1 pro-hibiting soliciting, etc. It is the contention of counsel for plaintiff in error that by the terms of the act soliciting to prostitution is made an offense only in cities, villages and incorporated towns and not everywhere in the State; that the same act is made a crime in cities, villages and incor-porated towns but is not made a crime in unincorporated towns or in any place outside cities, villages and incorpo-rated towns, and therefore is in contravention of section 22 of article 4 of the constitution. In construing statutes as to validity and constitutionality it is a rule that where a part of a statute is unconstitutional that fact does not au-thorize the courts to declare the remainder void also, unless all the provisions are connected in subject matter, depend-ing on each other, operating together for the same purpose, or otherwise so connected together in meaning that it can not be presumed the legislature would have passed the one without the other. (Cooley's Const. Lim.—6th ed.—210, 211; *Myers* v. *People,* 67 Ill. 503; *People* v. *Hazelwood,* 116 id. 319; *Dupee* v. *Swigert,* 127 id. 494.) The portion of section 1 of the act which reads, "or who shall solicit to prostitution in any street, alley, park or other place in any city, village or incorporated town in this State," could be stricken out without affecting the remainder of the section and still leave the part under which plaintiff in error was convicted valid and in force so far as any question has been raised. Even if we should hold this part of the statute un-constitutional, which we do not, we could not reverse the judgment as to the plaintiff in error, who was convicted un-der the other clause. We cannot entertain objections made to the constitutionality of an act by a party whose rights it does not affect and who has therefore no interest in de-

feating it. *People* v. *Huff,* 249 Ill. 164; *People* v. *Braun,* *supra; Miller* v. *Sincere,* (*ante;* p. 194.)

The judgment of the municipal court will be affirmed.

*Judgment affirmed.*