340 So.2d 263 (1976)
STATE of Louisiana
v.
Stanislaus ROBERTS.
No. 56090.
Supreme Court of Louisiana.
November 30, 1976.
Jack W. Caskey, James E. Williams, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., James L. Babin, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM:
Defendant Stanislaus Roberts was charged by grand jury indictment with first degree murder in violation of La.R.S. 14:30. After trial by jury, he was found guilty and was sentenced to death. This Court affirmed his conviction and sentence on appeal, rejecting defendant's contention that the death penalty provision of La.R.S. 14:30 was unconstitutional. 319 So.2d 317 (La.1975). The Supreme Court of the United States granted defendant's petition for certiorari and reversed our judgment "insofar as it upheld the death sentence imposed upon the petitioner . . . ." 428 U.S. at 336, 96 S.Ct. at 3008, 49 L.Ed.2d 974 (1976). The case was remanded to this Court with the following mandate:
ON CONSIDERATION WHEREOF, it was ordered and adjudged on July 2, 1976, by this Court that the judgment of the Supreme Court of Louisiana in this cause be reversed, and that this cause be remanded to the Supreme Court of the State of Louisiana for further proceedings not inconsistent with the judgment of this Court.
NOW, THEREFORE, THE CAUSE IS REMANDED to you in order that such proceedings may be had in the said cause, in conformity with the judgment of this Court above stated, as accord with right and justice, and the Constitution and laws of the United States, the said writ notwithstanding.
In accordance with this mandate, the death penalty imposed on defendant must be annulled and set aside. For the reasons set forth in State v. Jenkins, 340 So.2d 157 (La.1976), we have concluded that the appropriate sentence to be imposed upon a valid conviction for first degree murder is the most severe constitutional penalty established by the legislature for criminal homicide at the time the offense was committed. See La.R.S. 14:29 et seq. In the instant case, the offense was committed on August 18, 1973, at which time the most severe valid penalty for homicide was imprisonment at hard labor for life without eligibility for parole, probation or suspension of sentence for a period of twenty years. See La.R.S. 14:30.1, as added by Acts 1973, No. 111, § 1.
*264 Accordingly, for the reasons assigned in our original opinion, defendant's conviction is affirmed, but the death penalty imposed is annulled and set aside, and the case is remanded to the district court, with instructions to resentence defendant to imprisonment at hard labor for life without eligibility for parole, probation or suspension of sentence for a period of twenty years.