(No. 52262.—
(No. 52263.—
(No. 52411.—
(No. 52814.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. RODNEY BRADLEY, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOEL NOVAK, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. NANCY A. DALZOTTO, Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MARSHALL G. OLSEN, Appellee.

*Opinion filed April 18, 1980.*

RYAN, J., concurring in part and dissenting in part.

William J. Scott, Attorney General, of Springfield, and C. David Vogel, State's Attorney, of Pontiac (Donald B. Mackay and Thomas E. Holum, Assistant Attorneys General, of Chicago, and Raymond F. Buckley, Jr., Gillum Ferguson and Martin N. Ashley, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, of counsel), for the People.

Richard J. Wilson, Deputy Defender, and Charles M. Schiedel, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellee.

William J. Scott, Attorney General, of Springfield, and Kelly D. Long, State's Attorney, of Hillsboro (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Raymond F. Buckley, Jr., Gillum Ferguson, and Martin N. Ashley, of the State's Attorneys Appellate Service Commission, of Mt. Vernon, for the People.

John H. Reid, Deputy Defender, and Jeff M. Plesko, Assistant Defender, of the Office of the State Appellate Defender, for appellee.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Marcia B. Orr and Myra J. Brown, Assistant State's Attorneys, of counsel), for the People.

Gregory J. Schlesinger, of Schlesinger & McGann, of Chicago, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

In each of four criminal cases, consolidated on appeal, a defendant was charged under section 402(b) of the Illinois Controlled Substances Act (the Act) with posses-

sion of a controlled substance. (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b).) In all four cases, the possession charges were dismissed after section 402(b) was found to be unconstitutional and void.

Defendants Rodney Bradley (cause No. 52262) and Joel Novak (cause No. 52263) were charged by indictment in the circuit court of Livingston County. Bradley was charged with unlawful possession of less than 200 grams of plurazepam, a schedule IV controlled substance, and Novak with unlawful possession of phencyclidine (PCP), a schedule III controlled substance. Each defendant moved to dismiss the indictment, and the motions were allowed.

In the circuit court of Montgomery County (cause No. 52411) defendant Nancy A. Dalzotto was charged by a three-count information with (1) driving under the influence of drugs, (2) unlawful possession of a hypodermic needle and syringe, and (3) unlawful possession of phenobarbital, a schedule IV controlled substance. After trial, she was acquitted on the first count and found guilty on the second and third counts. Her post-trial motion to dismiss the charges under the third count—possession of a controlled substance—was granted by the trial court.

In the circuit court of Cook County (cause No. 52814) defendant Marshall G. Olsen was charged by information with four counts of possession: (1) possession of amphetamine, a schedule II controlled substance; (2) possession of cocaine, a schedule II controlled substance; (3) possession of diazepam (Valium), a schedule IV controlled substance, and (4) possession of *cannabis sativa.* Defendant's motion to dismiss the first three counts was granted by the trial court.

The dismissal of possession charges in each of the above cases was based upon the holding in *People v. Natoli* (1979), 70 Ill. App. 3d 131, wherein the penalty provision for possession under section 402(b), when compared to the penalty provision for delivery under section 401(e)

of the Act, was found invalid as it violated the equal protection clause. The State has appealed the four cases directly to this court under Supreme Court Rule 302(a). 73 Ill. 2d R. 302(a).

Under section 401(e) of the Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1401(e)), *delivery* of a schedule IV substance is a Class 4 felony which subjects the offender to an indeterminate sentence of 1 to 3 years (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1). Under section 402(b) (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b)), *possession* of the same substance is a Class 3 felony which subjects the offender to an indeterminate sentence of 1 to 10 years (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1).

The State contends that the penalties established for violations of the Illinois Controlled Substances Act do not deprive the defendants of equal protection of the law. It argues that all who are found guilty of possessing schedule IV controlled substances are equally subject to the possession penalty (under section 402(b)) and all who are found guilty of the manufacture or delivery of schedule IV controlled substances are equally subject to the delivery penalty (under section 401(e)); that such classification by the legislature, whereunder all within the same class are similarly treated, does not violate the equal protection clause of the United States or Illinois constitutions. Based upon this argument, the State claims that the analysis and rationale of the court in *Natoli* were inappropriate.

In *Natoli,* the defendant was convicted of possession and delivery of a schedule IV controlled substance, ethchlorvynol. He was sentenced to 1 to 3 years for delivery, under section 401(e) of the Act, and 2 to 6 years for possession, under section 402(b) of the Act (Ill. Rev. Stat. 1977, ch. 56½, pars. 1401(e), 1402(b)). The court found that it was irrational to apply a greater statutory penalty for possession than for delivery of the same substance, inasmuch as possession is a lesser included offense

of delivery, *i.e.*, all of the elements of possession are necessarily included in the offense of delivery. The court concluded:

> "[I] t is clear that the statutory sentence for delivery is valid, and that the sentence for possession is not. The defendant was given a heavier sentence for possession than could have been imposed upon someone convicted of delivery, a worse offense, and was thereby denied the equal protection of the law." *People v. Natoli* (1979), 70 Ill. App. 3d 131, 139.

Defendants argue that the *Natoli* court correctly applied the equal protection clause to invalidate section 402(b), and rely on the reasoning in *People v. McCabe* (1971), 49 Ill. 2d 338. In *McCabe*, the defendant argued that it was a violation of equal protection to classify marijuana under the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, par. 22—1 *et seq.*) and to impose a mandatory 10-year-minimum sentence upon a first conviction for the sale of marijuana, rather than to classify it as a "stimulant or depressant" drug under the Drug Abuse Control Act (Ill. Rev. Stat. 1969, ch. 111½, par. 801 *et seq.*), which called for a maximum sentence of one year for the sale of such drugs. The equal protection analysis in *McCabe* was appropriate, since the basic premise of the defendant's contention was that the nature and effects of the drugs named in the two statutes were so similar as to place those persons convicted of the sale of each in a "similarly situated" class. Consequently, the equal protection clause demanded that those "similarly situated" be treated equally under the law. This court agreed with that argument, concluded that marijuana cannot reasonably be distinguished from substances classified under the Drug Abuse Control Act, and found the disparity between the penalties violative of the equal protection clause. *People v. McCabe* (1971), 49 Ill. 2d 338, 347,

349-51.

The equal protection clause does not deny States the power to treat different classes of persons in different ways. (*Eisenstadt v. Baird* (1972), 405 U.S. 438, 446-47, 31 L. Ed. 2d 349, 358, 92 S. Ct. 1029, 1034-35; *Skinner v. Oklahoma* (1942), 316 U.S. 535, 540, 86 L. Ed. 1655, 1659, 62 S. Ct. 1110, 1113; *Clark v. United States* (N.D. Ill. 1978), 447 F. Supp. 172, 177.) Only "[w]hen the law lays an unequal hand on those who have committed intrinsically the same quality of offense and [penalizes] one and not the other" does the equal protection clause come into play. (*Skinner v. Oklahoma* (1942), 316 U.S. 535, 541, 86 L. Ed. 1655, 1660, 62 S. Ct. 1110, 1113. See *United States v. Antelope* (1977), 430 U.S. 641, 649, 51 L. Ed. 2d 701, 709, 97 S. Ct. 1395, 1400; *United States ex rel. Pedrosa v. Sielaf* (N.D. Ill. 1977), 434 F. Supp. 493, 497; *People v. McCabe* (1971), 49 Ill. 2d 338, 341.) That clause requires equality between groups of persons "similarly situated"; it does not require equality or proportionality of penalties for dissimilar conduct. *McGowan v. Maryland* (1961), 366 U.S. 420, 427, 6 L. Ed. 2d 393, 400, 81 S. Ct. 1101, 1105-06; *People v. Nicholson* (1948), 401 Ill. 546, 553.

The situation in *Natoli* differs from that in *McCabe*. In *Natoli* there was no disparate treatment of "similarly situated" classes of persons. There, the court failed to recognize that, under section 401 of the Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1401), all persons charged with the manufacture or delivery of a controlled substance are treated identically. Similarly, under section 402(b) (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b)), all persons charged with the possession of a controlled substance are treated alike. Therefore, the *Natoli* court was in error when it concluded that the equal protection clause had been violated.

*Sub judice,* then, no equal protection violation

emerges, for one cannot claim that a defendant convicted of possession is similarly situated to one convicted of delivery. By the very definition of the offenses, those accused of one would be dissimilarly situated from those accused of the other. We conclude that section 402(b) of the Act does not violate the equal protection clause.

The challenged portion of the statute does, however, violate the due process clause of the Illinois Constitution. Ill. Const. 1970, art. I, sec. 2.

It is the general rule that the legislature, under the State's police power, has wide discretion to prescribe penalties for defined offenses. (*People v. Dixon* (1948), 400 Ill. 449, 453.) The legislature's power to fix penalties is, however, subject to the constitutional proscription which prohibits the deprivation of liberty without due process of law. (*St. Louis, Iron Mountain, & Southern Ry. Co. v. Williams* (1919), 251 U.S. 63, 66, 64 L. Ed. 139, 140-41, 40 S. Ct. 71, 73; *Louisiana ex rel. Francis v. Resweber* (1947), 329 U.S. 459, 468, 91 L. Ed. 422, 429, 67 S. Ct. 374, 378 (Frankfurter, J., concurring); *Heimgaertner v. Benjamin Electric Manufacturing Co.* (1955), 6 Ill. 2d 152, 158-59.)

> "We have consistently stated that the standard of a proper exercise of the police power is whether the statute is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare." (*Heimgaertner v. Benjamin Electric Manufacturing Co.* (1955), 6 Ill. 2d 152, 159.)

The test, thus, focuses on the purposes and objectives of the enactment in question.

In the present case, the purpose and objectives of the Illinois Controlled Substances Act are expressly set out in section 100:

> "It is the intent of the General Assembly *** to provide a

418

system of control over the distribution and use of controlled substances which will more effectively: \*\*\* penalize most heavily the illicit traffickers or profiteers of controlled substances, who propagate and perpetuate the abuse of such substances with reckless disregard for its consumptive consequences upon every element of society \*\*\*.

It is not the intent of the General Assembly to treat the unlawful user or occasional petty distributor of controlled substances with the same severity as the large-scale, unlawful purveyors and traffickers of controlled substances." Ill. Rev. Stat. 1977, ch. 56½, par. 1100.

Clearly, the legislature intended that those who traffic in and deliver drugs should be subject to more severe sentences than those who merely possess them. Because section 402(b) prescribes a greater sentence for possession of a schedule IV substance than section 401(e) sets forth for delivery of the same substance, section 402(b) is in contravention of the express intent of the legislature. Inasmuch as section 402(b), as it is applied to charges of possession of schedule IV substances, is not reasonably designed to remedy the evil which the legislature determined to be a greater threat to the public, it is violative of the due process clause of the Illinois Constitution and is, therefore, invalid.

The oversight was remedied by the legislature's amendments of the Act on September 14, 1979 (Pub. Act 81–583, amending Ill. Rev. Stat. 1977, ch. 56½, pars. 1401, 1402). (*Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 353-54.) By the amendments, the legislature reduced the penalty provision for possession under section 402(b) from a Class 3 felony to a Class 4 felony, and increased the penalty for the manufacture or delivery of a schedule IV controlled substance from a Class 4 felony to a Class 3 felony. These amendments accurately reflect the intent of the legislature to punish traffickers more severely than the occasional user, unlike the earlier provision which we have found invalid.

Our conclusions with respect to schedule IV controlled

substances do not apply to schedule II and III substances, contrary to the claim of defendants Novak and Olsen. The penalties for delivery of schedule II and III controlled substances are either greater than or equal to the penalty imposed for possession of those substances. (Ill. Rev. Stat. 1977, ch. 56½, pars. 1401(b), (c), (d), 1402(b).) Consequently, these provisions are not contrary to the purposes of section 100 of the Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1100) and do not offend due process. See *Gaffney v. State* (Tex. Crim. App. 1978), 575 S.W.2d 537, 541.

Defendants Novak and Olsen also assert that the trial court properly dismissed the possession charges against them because section 402(b) is invalid in its entirety and not solely in its application to schedule IV controlled substances. The test to determine severability is "whether the valid and invalid provisions of the Act are 'so mutually "connected with and dependent on each other, as conditions, considerations or compensations for each other, as to warrant the belief that the legislature intended them as a whole, and if all could not be carried into effect the legislature would not pass the residue independently ***" ' " (*Fiorito v. Jones* (1968), 39 Ill. 2d 531, 540, quoting *Winter v. Barrett* (1933), 352 Ill. 441, 475.) Within the Act, the legislature divided controlled substances into distinct categories (schedules) and, in imposing penalties, dealt with each separately. This manifests the legislature's intent that each schedule be mutually exclusive of the other. Consequently, a finding that section 402(b) is invalid as applied to schedule IV substances does not disturb the effectiveness of that provision as it relates to all other schedules.

Our conclusion as to the intent of the legislature is reinforced by reference to section 602 of the Act.

> "If any provision of this Act or the application thereof to any person or circumstance is invalid, such invalidation shall not affect other provisions or applications of the Act which can be given effect without the invalid provision or

420

application, and to this end the provisions of this Act are declared to be severable." Ill. Rev. Stat. 1977, ch. 56½, par. 1602.

Having found that section 402(b) of the Illinois Controlled Substances Act as applied to possession of schedule IV controlled substances violates the due process clause of the Illinois Constitution, the judgments of dismissal of the charges of possession of schedule IV substances against defendants Bradley, Dalzotto and Olsen, under section 402(b) of the Act, are affirmed. The judgments of dismissal of charges of possession of schedule II and III controlled substances against defendants Novak and Olsen under section 402(b) of the Act are reversed, and those causes are remanded for further proceedings.

*52262 — Judgment affirmed.*
*52263 — Judgment reversed;*
*cause remanded.*
*52411 — Judgment affirmed.*
*52814 — Affirmed in part and*
*reversed in part;*
*cause remanded.*

MR. JUSTICE RYAN, concurring in part and dissenting in part:

I agree with the majority that the obvious mistake of the legislature in providing a more severe penalty for possession of a schedule IV controlled substance in section 402(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b)) than is provided for the delivery of a similar controlled substance under section 401(e) (Ill. Rev. Stat. 1977, ch. 56½, par. 1401(e)) renders the penalty provided for the possession of a schedule IV controlled substance invalid. I do not agree, however, that the defendants charged with the offense of possession of a schedule IV controlled substance should be discharged.

The legislature has the inherent power, within consti-

tutional limits, to define conduct which shall constitute a criminal offense and to fix the punishment for that conduct. (*People ex rel. Kubala v. Kinney* (1962), 25 Ill. 2d 491, 492; *People v. Vraniak* (1955), 5 Ill. 2d 384, 390.) The legislature has seen fit to make the possession of a schedule IV controlled substance a criminal offense. The majority has not found this determination to violate any constitutional prohibitions. It is only the penalty that the legislature has provided for this offense which the majority finds violative of the Constitution. The invalidity stems not from an equal protection violation or a violation of the proscription as to cruel and unusual punishment. But, as the majority notes, the invalidity stems from the fact that possession is a lesser included offense in the offense of delivery and therefore the punishment for possession should not be greater than that for delivery. The opinion of the court finds no constitutional invalidity as to schedule II or schedule III controlled substances because the penalties provided for delivery of those substances are either equal to or greater than the penalty provided for possession.

Since possession of a schedule IV controlled substance is a lesser included offense in the offense of delivery of a schedule IV controlled substance, I would reverse the orders dismissing the charges of possession of a schedule IV controlled substance and remand the causes to the trial courts with directions that, if convicted, the defendants be sentenced under the penalty provisions provided for delivery of a schedule IV controlled substance.

This court has long held that the holding of a part of an act unconstitutional does not necessarily render other parts of the same act invalid, if the unconstitutional part can be severed without affecting the remaining portions. (*People ex rel. Bradley v. Illinois State Reformatory* (1894), 148 Ill. 413, 425; *People v. O'Brien* (1916), 273 Ill. 485, 488; *People v. Kennedy* (1937), 367 Ill. 236, 240;

*People v. Nicks* (1976), 62 Ill. 2d 350, 355.) The legislature has declared possession of a schedule IV controlled substance to be a criminal offense. There is no constitutional infirmity contained in such a declaration. The invalid penalty provision provided for such an offense does not affect the validity of that portion of the statute defining the offense. In *People v. Natoli* (1979), 70 Ill. App. 3d 131, 139, the case which the courts below followed in discharging the defendants, the appellate court stated that there is no right *not* to be sentenced for one's crime. I agree and would hold that when a penalty provided for an offense is held to be invalid and there remains a statute under which one convicted of such an offense may be constitutionally sentenced, the conviction should not be reversed. The fact that the defendant may not have been charged under that particular statute has not been held to be a bar to such procedure.

In *People v. Sinclair* (1972), 387 Mich. 91, 194 N.W.2d 878, the Supreme Court of Michigan held invalid the penalties for possession and sale of marijuana. However, the majority of the court held that the defendant should not be discharged and stated that its decision would not mean that persons arrested for sale or possession of marijuana could not be prosecuted under the laws of the State of Michigan. The majority held that until the effective date of the new act providing less severe penalties for possession and sale of marijuana, prosecution must be under the penalty provisions relating to hallucinogenic drugs which the court found more closely resembled the properties of marijuana. *People v. Sinclair* (1972), 387 Mich. 91, 115, 194 N.W.2d 878.

In *Roberts v. Louisiana* (1976), 428 U.S. 325, 49 L. Ed. 2d 974, 96 S. Ct. 3001, the Supreme Court held invalid Louisiana's mandatory death penalty statute relating to first degree murder and remanded the cause to the Supreme Court of Louisiana. Upon remand, the

Louisiana Supreme Court, following its decision in *State v. Jenkins* (La. 1976), 340 So. 2d 157, set aside the death penalty and stated that the appropriate penalty is the most severe constitutional penalty established by the legislature for criminal homicide at the time the offense was committed. (*State v. Roberts* (La. 1976), 340 So. 2d 263.) In *Jenkins*, the court noted that previously, when that court had been required to resolve the question of sentencing a defendant validly convicted but unconsitutionally sentenced to death, the court had substituted life imprisonment as the appropriate sentence. However, at the time of the enactment of the mandatory death penalty statute for first degree murder, the legislature created the offense of second degree murder for which the penalty was more severe than a life imprisonment sentence. The new penalty for second degree murder contained certain restrictions on parole. The court found that to follow its previous practice and impose a life sentence for first degree murder would be imposing a lesser penalty for first degree murder than was required for second degree murder. The court thus held that the most severe constitutional penalty for homicide would be the appropriate penalty for first degree murder.

In *People v. Boyer* (1974), 24 Ill. App. 3d 671, *rev'd on other grounds* (1976), 63 Ill. 2d 433, the appellate court held the aggravated incest penalty invalid. Under the statute, incest was declared to be a Class 3 felony and aggravated incest was a Class 2 felony. Although the court held that penalty for aggravated incest invalid, it affirmed defendant's conviction for aggravated incest as a Class 3 felony instead of a Class 2 felony as provided by statute. In the cases above cited the defendants were all sentenced under penalty provisions of statutes with which they had not been charged or convicted of violating.

The majority opinion holds the penalty provisions for possession of schedule II and schedule III controlled

substances are not invalid because they are equal to or less than those provided for delivery of similar substances. There would thus be no due process violation involved in sentencing one convicted of possession of a schedule IV controlled substance under the penalty provision provided for the delivery of such a substance. Possession is a lesser offense included within the offense of delivery, and the sentencing judge could consider the relative seriousness of the offense in fixing the sentence within the range of the penalties provided. The legislature has declared possession of a controlled substance to be a felony, and the least serious penalty provided for a felony conviction is that provided for a Class 4 felony. Ill. Rev. Stat. 1977, ch. 38, par. 1005–5–1(b).

In keeping with my belief that only the penalty provided for possession of a schedule IV controlled substance is invalid, I would hold that defendant Bradley in cause No. 52262, defendant Dalzotto in cause No. 52411, and defendant Olsen in cause No. 52814, lacked standing to challenge the validity of the penalty provided for possession of a schedule IV controlled substance. No sentence had been imposed on these defendants. There would be no due process violation until a more severe sentence would be imposed for possession than for delivery. Since the charges against these defendants were dismissed prior to sentences being imposed, they had no standing to challenge the penalty provisions of the statute.

In summary, the legislature had the authority to define the conduct which constituted a criminal offense. It declared possession of a schedule IV controlled substance to be a criminal offense. The defendants were lawfully charged with possession of a schedule IV controlled substance. The invalid provision of section 402(b) of the Act, as it relates to possession of a schedule IV controlled substance, has never been applied. I would therefore vacate the orders of the trial courts dismissing the charges

of possession of a schedule IV controlled substance against defendants Bradley, Dalzotto and Olsen, and remand the causes to the trial courts with directions to sentence Dalzotto, who has been convicted of possession of a schedule IV controlled substance, under the penalty provision provided for delivery of such a substance. The charges against Bradley and Olsen were dismissed before trial. I would therefore direct the trial courts to proceed to trial on the charges against these defendants and, if convicted of possession of a schedule IV controlled substance, to sentence the convicted defendant under the penalty provision provided for delivery of a similar substance. A person has no right not to be sentenced for the crime he has committed if there exists a valid penalty provision which can constitutionally be applied to his offense.