(No. 71522.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CHARLES BLACKORBY, Appellee.

*Opinion filed January 23, 1992.*

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Terence M. Madsen and Thomas L. Ciecko, Assistant Attorneys General, of Chicago, of counsel), for the People.

Daniel M. Kirwan, Deputy Defender, and Edwin J. Anderson, Assistant Defender, of the Office of the State Appellate Defender, of Mt. Vernon, for appellee.

JUSTICE CUNNINGHAM delivered the opinion of the court:

Defendant, Charles Blackorby, was charged by the State's Attorney of Effingham County with a Class 3 felony for each of the following:

> "Operation of a motor vehicle while in possession of an intoxicating liquor, in violation of sec. 392.5(a)(3), ch. 18B, Motor Carrier Safety Regulations, Ill. Rev. Stat. 1989, ch. 95½;
>
> Driving while under the influence of alcohol [illegal consumption of alcohol] in violation of sec. 392.5(a)(1), ch. 18b, Motor Carrier Safety Regulations, Ill. Rev. Stat. 1989, ch. 95½;
>
> Driving while under the influence of alcohol in violation of sec. 392.5(a)(2), ch. 18B, Motor Carrier Safety Regulations, Ill. Rev. Stat. 1989, ch. 95½."

Defendant filed a motion to dismiss the charges on the grounds that the statute in question was vague, and failed to apprise him of what conduct was prohibited under that statute and the penalties to which he might be subject for violating the motor carrier safety regulations regarding intoxication (Ill. Rev. Stat. 1989, ch. 95½, par. 18(b)—105(b); 49 C.F.R. §392 *et seq.* (1990)).

Additional issues raised in defendant's motion to dismiss were the fact that he was not granted a preliminary hearing, and his contention that the legislature's adoption of the Federal motor carrier safety regulations into the Illinois motor carrier safety regulations of the

Illinois Vehicle Code improperly allowed the Federal government to prescribe rules of the road for Illinois. The trial judge rejected both of these grounds, and they are not the subject of this appeal.

The trial court granted defendant's motion to dismiss. In its order granting the motion, the trial court held that the ability of the State to charge some drivers with a petty offense (Ill. Rev. Stat. 1989, ch. 95½, par. 16–101) and some with a Class 3 felony (Ill. Rev. Stat. 1989, ch. 95½, par. 18b–108) for the same offense, *i.e.*, driving under the influence of alcohol, violates the doctrine of equal protection of the laws by vesting the State with the unbridled discretion to charge a defendant with either a petty offense or a felony for the same offense.

The trial court found that the statutory/regulatory scheme also violates principles of constitutional due process because it allows a defendant to be charged with a Class 3 felony for failing to carry a spare hearing aid battery, a penalty "so disproportionate to the offense that it shocks the moral sense of the community." Therefore, according to the trial court, such a statutory/regulatory scheme is unconstitutional.

The record is not clear whether the trial court or the defendant was relying on the Illinois Constitution (Ill. Const. 1970, art. I, §2) or the United States Constitution (U.S. Const., amend. XIV). This appeal comes to us pursuant to the provisions of Rule 302(a)(1) (134 Ill. 2d R. 302(a)(1)).

## FACTS

On July 15, 1990, the Illinois State Police were called to the scene of an accident at the northbound exit ramp of I-57 off I-70 in Effingham County. A semi-tractor-trailer carrying a load of lumber had run off the road into a grassy area between I-70 and I-57. The driver,

Charles Blackorby, apparently missed his exit and attempted to cut across the grassy area onto I-57.

Blackorby was thrown from his truck. When Illinois State Trooper Brad Voyles attempted to speak with Blackorby, he noticed a strong odor of alcohol about him. The trooper observed that Blackorby was excited and his speech was slurred and confused. Several cans of beer were found strewn about the ground, and an unopened can of beer was found in the truck. The brand of beer found in the truck and on the ground were the same. Blackorby was taken to a hospital in Effingham, Illinois. There Trooper Voyles attempted to speak with him, but Blackorby was incoherent and unable to answer Voyles. Blood taken from Blackorby revealed a blood-alcohol level of 0.299.

## EQUAL PROTECTION

We turn first to the issue of whether the statutory scheme created by the incorporation of the Federal motor carrier safety regulations into the Illinois motor carrier safety regulations of the Illinois Vehicle Code violates the doctrine of equal protection of the laws. We hold that it does not.

Chapter 16 of the Illinois Vehicle Code provides penalties for the entire Code, except where another penalty is set forth, as follows:

"§16—101. Applicability. The provisions of this Chapter shall be applicable to the enforcement of this entire Code, except where another penalty is set forth in a specific Chapter which is applicable to that Chapter or a designated part cr Section thereof." Ill. Rev. Stat. 1989, ch. 95½, par. 16—101.

"§16—104. Penalties for misdemeanor. (a) Every person convicted of a violation of any provision of this Act for which another penalty is not provided shall for a first or second conviction thereof be guilty of a petty offense; and for a third or subsequent conviction within one year

after the first conviction, such person shall be guilty of a Class C misdemeanor." Ill. Rev. Stat. 1989, ch. 95½, par. 16—104.

Chapter 18B of the Illinois Vehicle Code consists, in part, of the motor carrier safety regulations, and states as follows:

"§18b—103. Compliance with this Chapter. Transportation by motor vehicle of persons or property in commerce that is not in compliance with this Chapter or any rules and regulations issued under this Act is prohibited." Ill. Rev. Stat. 1989, ch. 95½, par. 18b—103.

"§18b—105. Rules and Regulations. ***

(b) The following parts of Title 49 of the Code of Federal Regulations, as now in effect, are hereby adopted by reference as though they were set out in full:

Part 390—Federal Motor Carrier Safety Regulations: General;

Part 391—Qualifications of Drivers;

Part 392—Driving of Motor Vehicles." Ill. Rev. Stat. 1989, ch. 95½, par. 18b—105.

As section 18b—105(b) above indicates, the legislature adopted certain parts of the Federal motor carrier safety regulations of title 49 of the Code of Federal Regulations (49 C.F.R. §390 *et seq.* (1990)). Pertinent parts thereof include:

"§392.5 Intoxicating beverage.

(a) No person shall—

(1) Consume an intoxicating beverage, regardless of its alcoholic content, or be under the influence of an intoxicating beverage, within 4 hours before going on duty or operating, or having physical control of, a motor vehicle; or

(2) Consume an intoxicating beverage regardless of its alcohol content, be under the influence of an intoxicating beverage, or have any measured alcohol concentration or any detected presence of alcohol, while on duty, or operating, or in physical control of a motor vehicle; or

(3) Be on duty or operate a motor vehicle while the driver possesses an intoxicating beverage regardless of its alcoholic content. However, this paragraph does not apply to possession of an intoxicating beverage which is manifested and transported as part of a shipment." 49 C.F.R. §392.5 (1990).

By incorporating the Federal regulations into the Illinois regulations, the State imposed a number of rules upon the drivers of motor carriers upon the roads of Illinois, in addition to the above. For example, part 392 of the Code of Federal Regulations (driving of motor vehicles) includes various subparts as follows:

Subpart A—General; Subpart B—Driving of Vehicles; Subpart C—Use of Lighted Lamps and Reflectors; Subpart D—Accidents and License Revocation; Duties of Driver; Subpart E—Accidents and License Revocation; Duties of Driver; Subpart F—Fueling Precautions; and finally, Subpart G—Prohibited Practices.

These various subparts are similarly broken down into sections which set forth detailed requirements. For example, the sections of subpart A read as follows:

392.1  Scope of the rules in this part.

392.2  Applicable operating rules.

392.3  Ill or fatigued operator.

392.4  Drugs and other substances.

392.5  Intoxicating beverage.

392.6  Schedules to conform with speed limits.

392.7  Equipment, inspection and use.

392.8  Emergency equipment, inspections, and use.

392.9  Safe loading.

392.9a  Corrective lenses to be worn.

392.9b  Hearing aid to be worn.

A party could be charged with a violation of a rule under any of the above parts and subparts, and the penalty provisions for such a violation are those set forth in

chapter 18B or, in the event the penalty provisions of chapter 18B are not applicable, the penalty provisions of section 16—101 are available. The penalty provisions of chapter 18B in force on July 15, 1990, were as follows:

> "§18b—107. Violations—Civil Penalty. (a) The provisions of Chapter 16 shall be applicable to acts committed by a driver of a motor vehicle that are a violation of this Chapter or any rule or regulation issued under this Chapter." Ill. Rev. Stat. 1989, ch. 95½, par. 18b—107.

> "§18b—108. Felony Violations—Penalty. Any person who willfully violates any provision of this Chapter or any rule or regulation issued under this Chapter is guilty of a Class 3 felony and subject to a fine of not more than $25,000 for each offense." Ill. Rev. Stat. 1989, ch. 95½, par. 18b—108.

The immediately preceding provision, section 18b—108, was amended by Public Act 86—1236, effective January 1, 1991, by division into two sections, 18b—108(b) and (c), as follows:

> "(b) Any driver who willfully violates any provision of this Chapter *** is guilty of a Class 4 felony and subject to a fine of not more than $10,000 for each offense. ***

> (c) Any person, other than a driver, who willfully violates any provision of this Chapter *** is guilty of a Class 3 felony and subject to a fine of not more than $25,000 for each offense." Ill. Rev. Stat., 1990 Supp., ch. 95½, par. 18b—108.

Except as it might be applied in the eventual trial of the defendant, we do not see that this amendment is particularly pertinent to our decision since it was not in effect at the time defendant was charged. While the amendment does reflect the legislature's intention to make the penalty provisions of chapter 18B clearer and slightly more lenient, we do not find the present penalty provisions or the penalty provisions in effect prior to the above amendment to be constitutionally defective.

The trial court held the statutory/regulatory scheme which the legislature created by its incorporation of Federal regulations into State regulations to be constitutionally defective because "the violation of any section of these regulations may constitute a Class 3 felony; including a driver's failure to have a spare hearing aid battery in his possession." The trial court found this to be violative of the doctrine of equal protection of the laws and cited our opinion in *People v. Bradley* (1980), 79 Ill. 2d 410, 416.

We find *Bradley* to be more persuasive for our holding of the constitutionality of the statutory/regulatory scheme in this case, and we refer to the exact quote relied on by the trial court:

> "The equal protection clause does not deny States the power to treat different classes of persons in different ways. [Citations.] Only 'when the law lays an unequal hand on those who have committed intrinsically the same quality of offense and [penalizes] one and not the other' does the equal protection clause come into play. [Citations.] That clause requires equality between groups of persons 'similarly situated'; it does not require equality or proportionality of penalties for dissimilar conduct. [Citations.]" *Bradley*, 79 Ill. 2d at 416.

This court has stated that " '[t]he State's Attorney is the representative of the People and has the responsibility of evaluating the evidence and other pertinent factors and determining what offense can properly and should properly be charged.' " (*People v. McCollough* (1974), 57 Ill. 2d 440, 444, quoting *People v. Rhodes* (1967), 38 Ill. 2d 389, 396.) Accordingly, the State had the option to charge the defendant under the penalty provisions set forth in chapter 18B, to revert back to the penalty provisions of chapter 16, or to charge defendant under section 11—502 of the Illinois Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—502 (driving under the influence)). The

State chose to charge the defendant with a Class 3 felony under section 18b—108 because of the severity and "willfulness" of defendant's conduct. The State decided that defendant belonged to that class of persons who "willfully violated" a provision of the statute. The State has to prove a "willful violation" by the defendant in order to get a conviction. If the State had chosen to charge a defendant who had violated one of the less life-threatening rules of the chapter with a felony (for example, failing to carry a spare hearing aid battery), then the State would have had to prove a "willful violation," just as it does with the defendant. The State must decide what standard of proof it can meet, not the defendant.

As *Bradley* states, the State has the power to treat different classes of persons in different ways. (*Bradley*, 79 Ill. 2d at 416.) The defendant who drinks and drives is most definitely in a different class than one who "fails to carry a spare hearing aid battery." The law did not lay an "unequal hand" on Blackorby by charging him with a felony, while at the same time possessing the ability to charge the potential hearing aid battery violator with a lesser charge. Had the State chosen to charge Blackorby with a petty offense, the same charge it might have imposed upon an alleged hearing aid battery violator, an "unequal hand" might have been laid on that person but not on Blackorby. Equal protection is not violated here.

Defendant and the potential hearing aid battery violator are not "similarly situated." Defendant endangered the life and property of others by his conduct. The violator of the statute whose conduct is far less dangerous, life-threatening and willful is not nearly as culpable as the drunken driver. Equal protection "does not require equality or proportionality of penalties for dissimilar conduct." (*Bradley*, 79 Ill. 2d at 416.) In the event the potential hearing aid battery violator were charged with a

felony, such a person might be in a position to shout "violation of equal protection," but Charles Blackorby is not in such a position.

The legislature is not precluded from adopting different punishment alternatives for different offenses. (*People v. Grodkiewicz* (1959), 16 Ill. 2d 192, 199.) The legislature did not intend that all violators of the Illinois motor carrier safety regulations be charged with a petty offense under chapter 16 because it specifically included the language "except where another penalty is set forth in a specific Chapter." (Ill. Rev. Stat. 1989, ch. 95½, par. 16—101.) The legislature specifically included the felony provision in chapter 18B to cover more serious "willful violations." The doctrine of equal protection is not offended by this legislative prerogative.

As with all legislative enactments, the Illinois Motor Carrier Safety Law (Ill. Rev. Stat. 1989, ch. 95½, par. 18b—100 *et seq.*) carries a strong presumption of constitutionality, and one who asserts otherwise bears the burden of rebutting the presumption and clearly establishing the constitutional violation. (*Bernier v. Burris* (1986), 113 Ill. 2d 219; *People v. Bales* (1985), 108 Ill. 2d 182, 188; *People v. Esposito* (1988), 121 Ill. 2d 491, 497.) In an equal protection challenge, the court must first determine the level of scrutiny to be applied to the challenged classification. Since the challenged statute here does not affect a fundamental right or discriminate against a suspect class, the proper level of scrutiny is that the statute bear a rational relationship to a valid legislative purpose. (*Esposito*, 121 Ill. 2d at 500.) The equal protection clauses of the United States and Illinois Constitutions do not guarantee that all persons will be treated equally; they require only that there be a rational basis for a legislative classification that differentiates between persons similarly situated. *Esposito*, 121 Ill. 2d at 500-01.

Because of the problems and danger inherent in the operation of motor vehicles, the legislature may impose reasonable conditions on their use. (*People v. Lucus* (1968), 41 Ill. 2d 370, 373.) A statute enacted pursuant to this authority must represent a reasonable exercise of police power and cannot, of course, be violative of constitutionally assured rights. The States have historically been given wide latitude to regulate the use of motor vehicles and drivers' autonomy on the road, because of public safety and welfare. The statutes in question are part of the Illinois Vehicle Code. The purpose of that code is to ensure that those who are unfit to drive are not allowed to drive. *People v. Lindner* (1989), 127 Ill. 2d 174, 182.

The substantial volume of interstate and intrastate motor carrier traffic upon the highways of Illinois prompted the legislature to adopt the Federal motor carrier safety regulations into the Illinois Vehicle Code in order to make the roadways of Illinois safer. Defendant Blackorby was unfit to drive because he was under the influence of alcohol. His conduct was exactly the type of conduct the legislature intended to protect its citizens against by its incorporation of the Federal standards into the Illinois Vehicle Code. The legislature chose to provide a stiff penalty for conduct such as the defendant's as a deterrent to those who would endanger the safety and welfare of its citizens and others upon its highways. Thus, the State had a rational basis for incorporating the Federal regulations into the State Vehicle Code—the protection of its citizens and others using the Illinois roadways. Adopting the Federal regulations is a reasonable means of promoting that State interest.

In a case involving drinking and driving by an over-the-road truck driver, the United States Court of Appeals for the Fifth Circuit remarked:

"Alcohol impairs a person's coordination, and inhibits his ability to reason rationally. \*\*\* A driver who imbibes the spirits endangers not only his own life, but the health and safety of all other drivers. These considerations are convincing enough with respect to drivers of automobiles. They become even more compelling when the driver is regularly employed to course the highway in a massive tractor-trailer rig.

\*\*\*

Thus, the public policy of preventing people from drinking and driving is embodied in the case law, the applicable regulations, statutory law, and pure common sense." *Amalgamated Meat Cutters & Butcher Workmen of North America, AFL-CIO, Local Union 540 v. Great Western Food Co.* (5th Cir. 1983), 712 F.2d 122, 124-25.

## STANDING

Although we have addressed the equal protection argument raised by the trial court regarding the possibility that the defendant could be charged with a felony for failing to carry a spare hearing aid battery, we wish to make it clear that the defendant has no standing to challenge that section of the statute dealing with hearing aid requirements, section 18b—105, subpart 392.9b (Ill. Rev. Stat. 1989, ch. 95½, par. 18b—105 (adopting 49 C.F.R. §392.9b)). The record does not reveal that defendant has any hearing problems, and he was not charged with violating that section of the statute. (*People v. Rogers* (1989), 133 Ill. 2d 1, 13.) A party does not have standing to challenge the constitutional validity of a statutory provision if that party is not directly affected by it unless the unconstitutional feature is so pervasive as to render the entire act invalid. (*People v. Palkes* (1972), 52 Ill. 472, 481.) In order for a party to attack a statute, the party must be within the class aggrieved by the alleged unconstitutionality. (*People v. Bombacino* (1972), 51 Ill. 2d 17, 20; *People v. Esposito* (1988), 121 Ill. 2d 491,

515.) A party has standing to challenge the validity of a statute if the party has sustained or is in immediate danger of sustaining more direct injury as a result of enforcement of the statute. *Esposito*, 121 Ill. 2d at 512.

Since the defendant has not been charged under section 18b—105, subpart 392.9b, of the statute, the defendant is not directly affected by the challenged statutory provision, is not within the class aggrieved by the alleged unconstitutionality, in no way sustained injury, and was in no immediate danger of sustaining injury as a result of this section of the statute. Therefore, although the defendant has no standing to bring such a challenge, we have addressed the issue in order to clarify the constitutional question raised by the trial court.

## DUE PROCESS

The trial court also held that this statutory/regulatory scheme violates the constitutional principles of due process of the laws. Drawing from the appellate court opinion of *People v. Boucher* (1979), 75 Ill. App. 3d 322, 325-26, the trial court said the "punishment of such a driver with a Class 3 felony for neglecting to carry a spare hearing aid battery is so disproportionate to the offense that it shocks the moral senses of the community." In this case, no driver was punished with a Class 3 felony for neglecting to carry a spare hearing aid battery, and therefore no driver was denied due process. We do not think any driver ever could or would be so punished under this statutory scheme in accordance with our analysis above.

Defendant was charged with a Class 3 felony for having driven his tractor-trailer when his blood-alcohol level was 0.299, thereby endangering the lives and property of other persons using the highways of Illinois. It is a giant leap from the conduct of defendant to that of the phantom defendant who fails to carry a spare hearing aid battery— too far for us and too far for any State's Attorney, we

think. We find the trial court's assessment of this statutory scheme to be flawed.

We turn now to that portion of defendant's motion to dismiss wherein he contends that it was not the intent of the legislature to impose the penalty set forth in section 18b—108 (Class 3 felony and fine not to exceed $25,000) "upon a driver of a motor vehicle in the context of the Illinois Motor Carrier Safety Law and the facts of this case." We have trouble accepting the premise that the legislature intended to create a scenario wherein an average motorist driving on the highways of Illinois would be subject to a more severe penalty under the provisions of section 11—502 of the Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, par. 11—502 (driving under the influence)) than a professional driver of a semi-tractor-trailer under the Illinois motor carrier safety regulations. The legislature hardly intended to create such a statutory scheme.

The legislature had no intention of treating individuals who are charged with violations set forth under section 18b—105, subparts 392.5(a)(1), (a)(2), or (a)(3), with misdemeanors, as proposed by the defendant. It is not unreasonable that the punishment set forth for a professional driver who operates a semi-tractor-trailer on the highways of Illinois while intoxicated, and in possession of alcohol, is a Class 3 felony. Under the Federal regulations, not only is a driver subject to civil and criminal penalties under 49 C.F.R. §383.53 (1990), he is also subject to being disqualified as a driver under 49 C.F.R. §393.51(b)(2)(i)(B) (1990).

The defendant further argues that the "wording of the applicable statute is such that it is so vague that it fails to aprise [sic] a reasonable defendant of the particular conduct which is prohibited under the act as well as the penalties to which he may be subjected." The defendant's "vagueness" argument must fail. To be constitutionally vague, the statute's term must be so indefinite, so ill-defined, that people must guess at the meaning. (*People v.*

*R.G.* (1989), 131 Ill. 2d 328, 361.) If terms of the statute are clear enough to guide those who must comply, the constitution is not violated. *Chastek v. Anderson* (1981), 83 Ill. 2d 502, 507.

There is no confusion concerning the penalty the legislature intended for the person who willfully drinks within four hours before operation of a motor vehicle, is under the influence of alcohol while operating a motor vehicle, or who operates a motor vehicle while in possession of intoxicating liquor (Ill. Rev. Stat. 1989, ch. 95½, par. 18b—105(b).) That person is to be charged with a felony under the penalty provisions of section 18b—108 (Ill. Rev. Stat., 1990 Supp., ch. 95½, par. 18b—108). No "reasonable" person would expect to be charged with a petty offense for driving a semi-tractor-trailer while possessing a blood-alcohol level of 0.299.

The recognition by the legislature of the danger imposed by the combination of semi-tractor-trailers and certain physical conditions, such as alcohol consumption, is entirely appropriate. The felony penalty merely reflects the seriousness of the consequences of the safety violations. Due process is satisfied because the penalty prescribed for deliberately endangering the safety of innocent drivers is reasonably designed to reduce highway fatalities, injuries and property damage, evils which are threats to the public health, safety, and general welfare. See *Bradley*, 79 Ill. 2d at 417.

We hold that the statutes and penalties attacked in this case are constitutional. The circuit court judgment herein is hereby reversed, and this matter is remanded to the circuit court with directions to reinstate the charges set forth in the informations.

*Reversed and remanded,*
*with directions.*