# Illinois Official Reports

## Appellate Court

<div style="border:1px solid black; padding:10px;">

### *People v. Lampkins*, 2015 IL App (1st) 123519

</div>

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LATHERN LAMPKINS, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-12-3519 |
| Filed | January 28, 2015 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The summary dismissal of defendant's postconviction petition was reversed and his sentence for aggravated criminal sexual assault, including a 15-year add-on for being armed with a firearm, was vacated and the cause was remanded for resentencing, since the 15-year add-on did not apply to defendant's case. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-CR-8798; the Hon. James M. Obbish, Judge, presiding. |
| Judgment | Reversed and remanded for resentencing. |

Counsel on Appeal

Michael J. Pelletier and Caroline Bourland, both of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Mary P. Needham, Assistant State's Attorney, of counsel), for the People.

Panel

JUSTICE HYMAN delivered the judgment of the court, with opinion. Presiding Justice Pucinski and Justice Mason concurred in the judgment and opinion.

**OPINION**

¶ 1 Defendant Lathern Lampkins appeals from the judgment of the circuit court that summarily dismissed his *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)). For the reasons that follow, we find that a portion of defendant's sentence is void, as asserted by defendant for the first time in a petition for rehearing, and remand for resentencing.

¶ 2 The record shows that on March 19, 2006, 17-year-old defendant and codefendant Robert Falls, who is not a party to this appeal, saw Kevin Porter exit his front door at 2544 East 81st Street and walk toward a vehicle parked on the street. Defendant and codefendant approached Porter, pointed guns at his head, and demanded his wallet. Porter indicated that he did not have his wallet, and holding him at gunpoint, they searched Porter's vehicle and then took him back into the house. After Porter opened the door to his residence, defendants stole several items, including bank cards and jewelry. While in the house, defendant pointed a gun at Porter's girlfriend Katherine Benson and sexually assaulted her. At gunpoint, defendants then took Porter to a bank and forced him to withdraw money from a cash station. Porter complied and gave defendant the cash. While defendants took Porter to the cash station, Benson called the police. Defendants dropped off Porter in an alley and were arrested shortly thereafter. Defendant and codefendant were charged on April 20, 2006, with numerous counts in connection with this incident, including aggravated criminal sexual assault (ACSA), home invasion, armed robbery, vehicular hijacking, kidnaping, and unlawful restraint.

¶ 3 Following a 2008 bench trial, defendant was convicted of ACSA with a firearm, two counts of home invasion, armed robbery, and vehicular hijacking. He was then sentenced to 27 years' imprisonment for ACSA, which included a 15-year add-on for being armed with a firearm, to run consecutively to the four concurrent terms of 8 years' imprisonment imposed on his remaining convictions. This court affirmed that judgment on direct appeal after allowing direct-appeal counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). *People v. Lampkins*, No. 1-08-2535 (2010) (unpublished order under Supreme Court Rule 23).

¶ 4　　　On June 13, 2012, defendant filed a *pro se* postconviction petition, alleging, in pertinent part, that direct-appeal counsel was ineffective for failing to raise any issues on his behalf. In particular, defendant maintained that counsel did not raise any issue on appeal "before-during-and or after reviewing the petitioner transcripts," was in "dis-attude" when counsel stated that there were no issues of arguable merit and filed a motion to withdraw, and was ineffective for "not filing ineffective assistance on the trial counsel for not preserving issues by objecting so that the defendant could [have] had meritorious issues to raise in his appeal." According to defendant, direct-appeal counsel's performance fell below an objective standard of reasonableness and prejudiced him.

¶ 5　　　As evidence of direct-appeal counsel's ineffectiveness, defendant attached to his petition an October 15, 2009, letter written by his counsel advising him to dismiss his appeal because the sentencing issues she could argue had a very low chance of success and raising them would bring to light a sentencing error that was in his favor. In particular, direct-appeal counsel stated that because he was convicted of armed robbery with a firearm, he should have received "15 years on top of the 8 years [he] received." Therefore, counsel indicated that the court should have imposed a 23-year sentence for his armed robbery with a firearm conviction, making his total sentence for all crimes 50 years instead of 35 years. Counsel concluded the letter by advising defendant to dismiss his appeal to avoid the risk of exposing the purported sentencing error, which would result in him receiving a higher sentence. Defendant also attached direct-appeal counsel's motion to withdraw as counsel pursuant to *Anders*.

¶ 6　　　On August 3, 2012, the circuit court dismissed defendant's petition as frivolous and patently without merit. In doing so, the court found, in relevant part, that because defendant's underlying claims of ineffective assistance of trial counsel were without merit, the ineffective assistance of direct-appeal counsel claim based on counsel's failure to argue ineffective assistance of trial counsel was likewise without merit. This appeal followed.

¶ 7　　　In defendant's brief on appeal, postconviction appellate counsel raised the issue of whether direct-appeal counsel was ineffective for failing to challenge the 15-year add-on penalty to his sentence on ACSA for possessing a firearm at the time he committed the offense. In a Rule 23 order issued on June 25, 2014, we found that this issue could not be raised for the first time on appeal because it was not included in defendant's postconviction petition, even under liberal construction. *People v. Lampkins*, 2014 IL App (1st) 123519-U; Ill. S. Ct. R. 23 (eff. July 1, 2011). We noted that defendant was free to pursue any defaulted claims he believed to be of merit by filing a successive postconviction petition. Accordingly, we affirmed the judgment of the circuit court summarily dismissing defendant's petition.

¶ 8　　　In a petition for rehearing, new appellate counsel on rehearing contends for the first time that defendant's sentence for ACSA with a firearm is void. Counsel on rehearing acknowledges that defendant's former postconviction appellate counsel failed to raise the voidness issue. In turn, counsel on rehearing attributes the failure to raise the claim of voidness sooner on former postconviction appellate counsel's unreasonable assistance. Counsel on rehearing further argues that judicial economy is best served by addressing this issue now rather than in a successive postconviction petition. Notably, in its answer to the rehearing petition, the State requests that we grant defendant's petition for rehearing and concedes that the now-challenged sentencing add-on is void.

¶ 9        Points not raised in the appellant's brief shall not be raised in a petition for rehearing. Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013). However, a defendant may argue that a criminal statute is unconstitutional and void at any time. See *People v. Guevara*, 216 Ill. 2d 533, 542 (2005) (permitting the defendant to challenge for the first time on appeal the 15-year sentencing enhancement for home invasion with a firearm as a violation of the proportionate penalties clause when compared to the sentence for another offense); *People v. Wright*, 194 Ill. 2d 1, 23 (2000) (permitting the defendant to challenge the constitutionality of a records keeping provision of the Illinois Vehicle Code for the first time on petition for rehearing). In light of the circumstances here, we choose to grant defendant's petition for rehearing.

¶ 10       Defendant and the State correctly agree that the 15-year firearm enhancement imposed in addition to his 12-year sentence on his conviction for ACSA violated the proportionate penalties clause of the Illinois Constitution because it provided a harsher sentence for ACSA than for armed violence predicated on criminal sexual assault.

¶ 11       The proportionate penalties clause of the Illinois Constitution declares that "[a]ll penalties shall be determined *** according to the seriousness of the offense." Ill. Const. 1970, art. I, § 11. As relevant to this case, our supreme court held that a defendant may raise a proportionate penalties challenge where offenses with identical elements are given different sentences. *People v. Sharpe*, 216 Ill. 2d 481, 521 (2005).

¶ 12       In *People v. Hauschild*, 226 Ill. 2d 63, 86-87 (2007), our supreme court held that the "defendant's sentence for armed robbery while armed with a firearm [citation] violates the proportionate penalties clause because the penalty for that offense is more severe than the penalty for the identical offense of armed violence predicated on robbery." After the supreme court's decision in *Hauschild*, the legislature enacted Public Act 95-688 (eff. Oct. 23, 2007), which amended the armed violence statute. Specifically, that public act amended the armed violence statute so that armed robbery and other crimes, including ACSA, cannot serve as a predicate offense for armed violence. Pub. Act 95-688, § 4 (eff. Oct. 23, 2007) (amending 720 ILCS 5/33A-2 (West 2006)). As a result of this amendment, armed violence, armed robbery, ACSA, and certain other offenses, no longer have identical elements for purposes of proportionality review.

¶ 13       In *People v. Blair*, 2013 IL 114122, ¶¶ 30, 33-35, the supreme court held that Public Act 95-688 revived the 15-year sentence enhancement for armed robbery, but noted that *Hauschild* continued to impose an impediment to the enforcement of the enhancement until the proportionate penalties violation was cured, *i.e.*, the date Public Act 95-688 took effect. See also *People v. Clemons*, 2012 IL 107821, ¶ 19 ("*Hauschild* remains the law as to the meaning of the armed violence statute prior to its amendment by Public Act 95-688."). The *Blair* court concluded that the defendant, who committed armed robbery in April 2009, was properly subject to the 15-year enhancement. *Id*. ¶¶ 4, 40.

¶ 14       In this case, defendant committed the crime in 2006 prior to the 2007 effective date of Public Act 95-688, and thus the amendment has no impact upon the outcome of this case, and *Hauschild* controls. The armed violence statute in effect at the time of defendant's indictment excluded ACSA, but did not exclude criminal sexual assault. 720 ILCS 5/33A-2 (West 2006). The aggravating factor in criminal sexual assault was the possession of a firearm (720 ILCS 5/12-14(a)(8) (West 2006) (now 720 ILCS 5/11-1.30(a)(8) (West 2012))), which was identical to armed violence based on the commission of a criminal sexual assault. The sentence for ACSA with a firearm, 21 to 45 years (730 ILCS 5/5-8-1(a)(3) (West 2006) (now

730 ILCS 5/5-4.5-25 (West 2012)); 720 ILCS 5/12-14(d)(1) (West 2006) (now 720 ILCS 5/11-1.30(d)(1) (West 2012))), was disproportionate to the penalty for armed violence predicated on criminal sexual assault, 15 to 30 years (720 ILCS 5/33A-3(a) (West 2006)). Based on *Hauschild*, the 15-year enhancement for ACSA with a firearm has been found to be unconstitutional. See *People v. Toy*, 2013 IL App (1st) 120580, ¶¶ 28-29 (the 15-year add-on for ACSA with a firearm is unconstitutional); *People v. McBride*, 2012 IL App (1st) 100375, ¶ 33 n.4 (noting that since the amended armed violence statute took effect after the defendant was indicted, it had no impact on the outcome of the case); *People v. Hampton*, 406 Ill. App. 3d 925, 942 (2010) ("the 15-year add-on for [ACSA] with a firearm is unconstitutional").

¶ 15    For all the foregoing reasons, we grant defendant's petition for rehearing on the voidness issue, reverse the summary dismissal of defendant's postconviction petition, vacate defendant's sentence for ACSA, and remand for resentencing. See *Toy*, 2013 IL App (1st) 120580, ¶ 30.

¶ 16    Reversed and remanded for resentencing.