**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180432-U

Order filed August 24, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0432 Circuit No. 07-CF-767 |
| TOOLA ODING TAYLOR, | ) ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE LYTTON delivered the judgment of the court.
Justices O'Brien and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The circuit court did not abuse its discretion by finding that defendant knowingly and intelligently waived his right to postconviction counsel.

¶ 2    Defendant, Toola Oding Taylor, appeals the Peoria County circuit court's dismissal of his petition for postconviction relief. Defendant argues that his waiver of postconviction counsel was not valid. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        A jury found defendant guilty of aggravated criminal sexual assault (720 ILCS 5/12-4(a)(1) (West 2006)).  The court sentenced defendant to 32 years' imprisonment.  We affirmed the conviction on direct appeal.  *People v. Taylor*, 397 Ill. App. 3d 813 (2010).  Defendant filed a postconviction petition.  The circuit court advanced the petition to the second stage of proceedings and appointed counsel to represent defendant.

¶ 5        During the second-stage proceedings, defendant made several filings signaling his displeasure with postconviction counsel, including: (1) a "Leave for Motion to Proceed Without Court-Appointed Attorney," where defendant sought "to sever his current attorney/client relationship, and proceed with his Post-Conviction, and any further matters, representing himself"; (2) a "Motion to Proceed Without Court-Appointed Attorney," in which defendant asserted that "he has the right to represent himself," "he is competent, [and he] knowingly waives his right to said attorney," and he "has chosen *** to proceed without the court-appointed counsel"; and (3) a document titled "Objection to Waiver of Presence," in which defendant referred back to his earlier filings, saying he "petitioned that this Court sever appointment, and allow him to proceed by self-representation; *pro se*," and that the court "disregarded [his] constitutional right to self-representation, despite the fact that he has put forth that he is competent to understand and participate in court proceedings."

¶ 6        At a review hearing, defendant told the court he did not want to represent himself, but counsel's inaction gave him the impression that he needed to proceed as a self-represented litigant to move the case forward.  The court asked defendant, "Now, you know this puts you back at square zero, square one if you get a new attorney?"  Defendant responded in the affirmative, asserting he "would rather have a counselor [*sic*] petition than a *pro se* petition."  When the State voiced its belief that defendant filed a motion to proceed as a self-represented litigant, not a motion

to substitute counsel, defendant replied, "I did." The court followed up, saying, "I just made the inquiry and [defendant] said, [']No, I'm doing that because I don't have a choice. I really want another attorney—[']" and that "[defendant] certainly clarified that today." The court warned defendant that he was not entitled to an attorney who would agree with him and continued the matter to review the record. The following week, the court entered an order denying defendant's verbal motion to substitute counsel and granting his motion to proceed as a self-represented litigant.

¶ 7        Defendant filed an amended postconviction petition. The court granted the State's motion to dismiss the petition.

¶ 8                                    II. ANALYSIS

¶ 9        Defendant argues we should remand the cause for further second-stage postconviction proceedings because his waiver of postconviction counsel was not valid. We find the circuit court did not abuse its discretion by granting defendant's motion to proceed as a self-represented litigant as the record established that defendant validly waived his right to postconviction counsel.

¶ 10        Defendants have the right to self-representation in postconviction proceedings. *People v. Lesley*, 2018 IL 122100, ¶ 34. "In order to represent himself, a defendant must knowingly and intelligently relinquish his right to counsel." *People v. Baez*, 241 Ill. 2d 44, 115-16 (2011). "We review a trial court's determination for abuse of discretion." *Id.* at 116. "An abuse of discretion will be found only where the trial court's ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court." *People v. Hall*, 195 Ill. 2d 1, 20 (2000).

¶ 11        Defendant argues that his waiver of postconviction counsel was not valid because he lacked a true desire to represent himself. Defendant contends that he filed his motion to proceed as a self-

3

represented litigant because "he believed he was not getting the 'fair shot' he deserved," not because he wanted to represent himself. However, contrary to defendant's argument, defendant's numerous filings demonstrate clearly his desire to discharge appointed counsel. The record contains several instances where defendant explicitly asserted his right to self-representation. In his *pro se* filings, defendant stated that he wished to "proceed with his Post-Conviction, and any further matters, representing himself," declared himself competent, said that he "knowingly waives his right to said attorney," asserted that he "has chosen *** to proceed without the court-appointed counsel," and reiterated that he "petitioned that this Court sever appointment, and allow him to proceed by self-representation; *pro se*." Based on these filings, a reasonable court could have concluded that defendant knowingly and intelligently waived his right to postconviction counsel.

¶ 12 While defendant's in-court statements indicated that he preferred to receive new appointed postconviction counsel rather than proceed as a self-represented litigant, his numerous filings show that he preferred to represent himself rather than continue with appointed counsel. The court recognized defendant's tiered preferences and answered each of them in its order, which granted defendant's motion to proceed as a self-represented litigant and denied his motion to substitute counsel. From our review of the record, the court did not abuse its discretion by finding that defendant knowingly and intelligently waived his right to postconviction counsel.

¶ 13 III. CONCLUSION

¶ 14 The judgment of the circuit court of Peoria County is affirmed.

¶ 15 Affirmed.

4