2024 IL App (4th) 231066

NO. 4-23-1066

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 29, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| TOOLA O. TAYLOR, | ) | No. 07CF767 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Katherine S. Gorman, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Justices Steigmann and Knecht concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Toola O. Taylor, appeals the trial court's dismissal of his petition for relief from judgment filed pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)). He contends that the aggravated criminal sexual assault statute under which he was sentenced (720 ILCS 5/12-14(a)(1) (West 2006)) violated due process and was void *ab initio*. (The aggravated criminal sexual assault statute has been renumbered since defendant's conviction and sentence (see 720 ILCS 5/11-1.30 (West 2012)). We vacate defendant's sentence and remand for resentencing.

¶ 2                                I. BACKGROUND

¶ 3                      A. The Aggravated Criminal Sexual Assault Statute

¶ 4        Effective January 2000, the legislature enacted Public Act 91-404, which amended

the aggravated criminal sexual assault statute to create distinct crimes based upon the offense being committed with either a firearm or a dangerous weapon other than a firearm. Pub. Act 91-404, § 5 (eff. Jan. 1, 2000) (amending 720 ILCS 5/12-14(a)). Public Act 91-404 also included what is referred to as the "15/20/25-to-life sentence enhancements," which amended the sentencing provisions relating to several different felonies when a firearm is involved in the commission of the offense. *People v. Sharpe*, 216 Ill. 2d 481, 484 n.1, 839 N.E.2d 492, 496, n.1 (2005). "The legislature clearly spelled out its intent in enacting the firearm enhancements in a codified statement of legislative intent." *Id.* at 531. That statement provided as follows:

"(a) Legislative findings. The legislature finds and declares the following:

(1) The use of a dangerous weapon in the commission of a felony offense poses a much greater threat to the public health, safety, and general welfare, than when a weapon is not used in the commission of the offense.

(2) Further, the use of a firearm greatly facilitates the commission of a criminal offense because of the more lethal nature of a firearm and the greater perceived threat produced in those confronted by a person wielding a firearm. Unlike other dangerous weapons such as knives and clubs, the use of a firearm in the commission of a criminal felony offense significantly escalates the threat and the potential for bodily harm, and the greater range of the firearm increases the potential for harm to more persons. Not only are the victims and bystanders at greater risk when a firearm is used, but also the law enforcement officers whose duty is to confront and apprehend the armed suspect.

(3) Current law does contain offenses involving the use or discharge

of a gun toward or against a person, such as aggravated battery with a firearm, aggravated discharge of a firearm, and reckless discharge of a firearm; however, the General Assembly has legislated greater penalties for the commission of a felony while in possession of a firearm because it deems such acts as more serious.

(b) Legislative intent.

(1) In order to deter the use of firearms in the commission of a felony offense, the General Assembly deems it appropriate for a greater penalty to be imposed when a firearm is used or discharged in the commission of an offense than the penalty imposed for using other types of weapons and for the penalty to increase on more serious offenses.

(2) With the additional elements of the discharge of a firearm and great bodily harm inflicted by a firearm being added to armed violence and other serious felony offenses, it is the intent of the General Assembly to punish those elements more severely during commission of a felony offense than when those elements stand alone as the act of the offender." 720 ILCS 5/33A-1 (West 2000).

¶ 5        Relevant to this appeal, following the enactment of Public Act 91-404, the 2006 aggravated criminal sexual assault statute provided as follows:

"(a) The accused commits aggravated criminal sexual assault if he or she commits criminal sexual assault and any of the following aggravating circumstances existed during *** the commission of the offense:

(1) the accused displayed, threatened to use, or used a dangerous

weapon, other than a firearm, or any object fashioned or utilized in such a

manner as to lead the victim under the circumstances reasonably to believe

it to be a dangerous weapon; or

* * *

(8) the accused was armed with a firearm; or

(9) the accused personally discharged a firearm during the

commission of the offense; or

(10) the accused, during the commission of the offense, personally

discharged a firearm that proximately caused great bodily harm, permanent

disability, permanent disfigurement, or death to another person." 720 ILCS

5/12-14 (West 2006).

Consistent with the firearm enhancements added through Public Act 91-404, the statute also

provided as follows with respect to sentencing:

"A violation of subsection (a)(8) is a Class X felony for which 15 years shall be

added to the term of imprisonment imposed by the court. A violation of subsection

(a)(9) is a Class X felony for which 20 years shall be added to the term of

imprisonment imposed by the court. A violation of subsection (a)(10) is a Class X

felony for which 25 years or up to a term of natural life imprisonment shall be added

to the term of imprisonment imposed by the court." *Id.* § 12-14(d)(1).

¶ 6        Three years after the firearm sentencing enhancements were added to the

aggravated criminal sexual assault statute, the legislature also added, through Public Act 92-721,

a 10-year enhancement applicable to violations of section 12-14(a)(1). See Pub. Act 92-721, § 5

(eff. Jan. 1, 2003) (amending 720 ILCS 5/12-14(d)(1)). Accordingly, the 2006 version of the

statute further provided as follows: "A violation of subsection (a)(1) is a Class X felony for which 10 years shall be added to the term of imprisonment imposed by the court." 720 ILCS 5/12-14(d)(1) (West 2006).

¶ 7 Following their enactment, the 15/20/25-to-life sentence enhancements, added by Public Act 91-404, were subject to various constitutional challenges. In 2010, this court found the sentencing provisions for aggravated criminal sexual assault while armed with a firearm—as set forth in section 12-14(a)(8), specifically the 15-year sentencing enhancement for that offense— violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). *People v. Pelo*, 404 Ill. App. 3d 839, 883, 942 N.E.2d 463, 500 (2010), *abrogated on other grounds by People v. Veach*, 2017 IL 120649, 89 N.E.3d 366. In *Pelo*, we held a harsher penalty was improperly imposed for aggravated criminal sexual assault with a firearm than for an offense with identical elements—armed violence with a category II weapon predicated upon criminal sexual assault. *Pelo*, 404 Ill. App. 3d at 882-83 (citing 720 ILCS 5/12-14(a)(1), 33A-1(c)(2), 33A-2(a) (West 2006)). As a result, we vacated the 15-year enhancements for the defendant's aggravated criminal sexual assault convictions. *Id.* at 883.

¶ 8 In *People v. Lampkins*, 2015 IL App (1st) 123519, ¶ 14, 26 N.E.3d 601, the First District similarly found that the defendant's sentence for aggravated criminal sexual assault with a firearm was disproportionate to the penalty for armed violence predicated on criminal sexual assault, and it remanded for the defendant to be resentenced absent the 15-year enhancement. In so holding, it noted that, in *People v. Hauschild*, 226 Ill. 2d 63, 86-87, 871 N.E.2d 1, 14 (2007), the supreme court found the 15-year enhancement that applied to armed robbery while armed with a firearm also violated the proportionate penalties clause when compared to the identical offense of armed violence predicated on robbery. *Lampkins*, 2015 IL App (1st) 123519, ¶ 12. It noted that,

following *Hauschild*, the legislature amended the armed violence statute through Public Act 95-688 (eff. Oct. 23, 2007) so that certain crimes could no longer serve as predicate offenses for armed violence, resulting in armed robbery, aggravated criminal sexual assault, and other offenses no longer having identical elements to armed violence for purposes of proportionality review. *Lampkins*, 2015 IL App (1st) 123519, ¶ 12 (citing Pub. Act 95-688, § 4 (eff. Oct. 23, 2007) (amending 720 ILCS 5/33A-2)). The court determined that although Public Act 95-688 had the effect of reviving the 15-year sentencing enhancements that were deemed unconstitutionally void (see *People v. Blair*, 2013 IL 114122, ¶¶ 30, 33-35, 986 N.E.2d 75), the amendments to the armed violence statute had no impact on the case before it where the defendant "committed the crime in 2006 prior to the 2007 effective date of Public Act 95-688." *Lampkins*, 2015 IL App (1st) 123519, ¶ 14.

¶ 9                                    B. This Case

¶ 10            In 2007, defendant was charged by a three-count indictment with sex offenses alleged to have occurred on or about July 18, 2006. In count I, the State charged defendant with aggravated criminal sexual assault while armed with a firearm (720 ILCS 5/12-14(a)(8) (West 2006)). In count II, it charged him with aggravated criminal sexual assault while displaying or threatening "to use a dangerous weapon or an object fashioned or utilized in such a manner as to lead the victim *** to reasonably believe it to be a dangerous weapon" (*id.* § 12-14(a)(1)). Finally, in count III, the State charged defendant with criminal sexual assault, based on allegations that he committed an act of sexual penetration upon the victim by the use or threat of force (*id.* § 12-13(a)(1)).

¶ 11            Following an April 2008 jury trial, defendant was found guilty of aggravated criminal sexual assault, as alleged in count II, and criminal sexual assault, as alleged in count III.

Pursuant to a special verdict form, the jury found defendant had not committed aggravated criminal sexual assault while armed with a firearm. In June 2008, defendant's sentencing hearing was conducted. The trial court entered a judgment of conviction as to only count II and sentenced defendant to 32 years in prison. On direct appeal, the Third District affirmed the court's judgment. *People v. Taylor*, 397 Ill. App. 3d 813, 921 N.E.2d 1255 (2010).

¶ 12 From 2010 to 2023, defendant continued to challenge his conviction and sentence through multiple unsuccessful collateral attacks. Relevant to this appeal, the record reflects he initiated postconviction proceedings and, in October 2017, filed a second amended postconviction petition. Defendant argued his 32-year sentence was unenforceable under the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) because it resulted in a harsher penalty than the allegedly identical offense of armed violence predicated upon criminal sexual assault. He also argued that his sentence violated his due process rights because it included an improper double enhancement in that the same factor—his use of an object that the victim believed was a dangerous weapon—was used to both elevate the offense to a Class X felony and justify the imposition of a 10-year enhancement. In December 2017, the State moved to dismiss defendant's second amended postconviction petition. The circuit court granted the State's motion, and its judgment was affirmed on review. *People v. Taylor*, 2020 IL App (3d) 180432-U.

¶ 13 Additionally, in January 2015, defendant filed a "Motion To Declare Statutes Unconstitutional," arguing, in part, that the aggravated criminal sexual assault statute under which he was sentenced (720 ILCS 5/12-14(a)(1) (West 2006)) violated the proportionate penalties clause. He asserted that his sentence was "cruel, severe, disproportionate, and undermine[d] legislative intent" under the facts at issue and that an offense with identical elements carried a lesser penalty. In May 2015, the circuit court dismissed defendant's motion and, again, the court's

judgment was affirmed on review. *People v. Taylor*, No. 3-15-0739 (2017) (unpublished order under Illinois Supreme Court Rule 23).

¶ 14        In May 2023, defendant filed the section 2-1401 petition for relief from judgment that is at issue on appeal. Like in his prior collateral proceedings, he argued section 12-14(d)(1) provided for an unlawful double enhancement because the same factor was used to both elevate the offense to a Class X felony and require the imposition of a 10-year enhancement. Defendant also asserted that the 10-year enhancement violated his due process rights and was void *ab initio* because it "was not designed to remedy the particular evil the legislature was targeting" through firearm enhancement legislation, as it applied to a nonfirearm offense. Finally, he argued section 12-14(d)(1) violated his due process rights because it exposed him to harsher penalties for conduct that was less serious than the offense of armed violence when predicated on criminal sexual assault with a firearm.

¶ 15        In June 2023, the State moved to dismiss defendant's petition, arguing it was untimely, defendant did not allege a proper basis for relief under section 2-1401, his claims were barred by *res judicata*, and his double enhancement claim lacked merit. In September 2023, the trial court entered a written order, granting the State's motion to dismiss.

¶ 16        This appeal followed.

¶ 17                                II. ANALYSIS

¶ 18        Defendant appeals the trial court's dismissal of his May 2023 section 2-1401 petition for relief from judgment, arguing that the 2006 version of the aggravated criminal sexual assault statute under which he was sentenced, specifically the 10-year sentence enhancement set forth in section 12-14(d)(1), was unconstitutional and, thus, void *ab initio*. In particular, he contends his right to due process was violated because, contrary to express legislative intent, the

applicable statute punished his offense, a nonfirearm-based version of aggravated criminal sexual assault, more harshly than the firearm version of the offense. He asks this court to vacate his 32-year sentence and remand for resentencing without the 10-year enhancement and within the ordinary Class X sentencing range. See 730 ILCS 5/5-8-1(a)(3) (West 2006) (providing that the sentencing range for a Class X felony is "not less than 6 years and not more than 30 years").

¶ 19 Defendant acknowledges that the issue he presents on appeal is different than the issues he raised in his May 2023 section 2-1401 petition. Nevertheless, he argues that this court may reach the merits of his claim because the constitutionality of a criminal statute may be attacked at any time, including for the first time on appeal.

¶ 20 A. Standard of Review

¶ 21 "Section 2-1401 provides a comprehensive statutory procedure authorizing a trial court to vacate or modify a final order or judgment older than 30 days." *People v. Abdullah*, 2019 IL 123492, ¶ 13, 160 N.E.3d 833; 735 ILCS 5/2-1401(a) (West 2022). It "provides a civil remedy that extends to criminal cases as well as to civil cases." *Abdullah*, 2019 IL 123492, ¶ 13. A section 2-1401 petition "must normally 'be filed not later than 2 years after the entry of the order or judgment.' " *Id.* (quoting 735 ILCS 5/2-1401(c) (West 2014)). However, there is an exception to the two-year limitations period when a petitioner challenges a void judgment. *Id.* The supreme court "recognizes only two circumstances when a judgment will be deemed void: (1) when the judgment was entered by a court that lacked jurisdiction or (2) when the judgment was based on a statute that is facially unconstitutional and void *ab initio*." *Id.*

¶ 22 When a statute is declared unconstitutional and void *ab initio*, it is "constitutionally infirm from the moment of its enactment and is, therefore, unenforceable." *People v. Blair*, 2013 IL 114122, ¶ 30; *In re N.G.*, 2018 IL 121939, ¶ 50, 115 N.E.3d 102 ("When a statute is found to

- 9 -

be facially unconstitutional in Illinois, it is said to be void *ab initio*; that is, it is as if the law had never been passed \*\*\*.") As a result, courts will give no effect to the unconstitutional statute and, instead, apply the law that was previously in effect. *Blair*, 2013 IL 114122, ¶ 30.

¶ 23    The constitutionality of a statute presents a question of law and is subject to *de novo* review. *People v. Johanson*, 2024 IL 129425, ¶ 9, 240 N.E.3d 1130. Additionally, "a constitutional challenge to a criminal statute can be raised at any time." *In re J.W.*, 204 Ill. 2d 50, 61, 787 N.E.2d 747 (2003); *People v. Price*, 2016 IL 118613, ¶ 30, 76 N.E.3d 1240 ("When we say that a judgment is void, that judgment may be challenged at any time, either directly or collaterally, and the challenge is not subject to forfeiture or other procedural restraints." (Internal quotation marks omitted.)).

¶ 24               B. *Res Judicata* and Collateral Estoppel

¶ 25    On appeal, the State does not dispute that defendant could raise a constitutional challenge to the aggravated criminal sexual assault statute for the first time on appeal. However, it does argue that defendant's claim is barred by the doctrines of *res judicata* and collateral estoppel because he previously challenged the constitutionality of section 12-14(a)(1) and his claims were rejected. The State contends defendant is attempting to raise the same issue that was already addressed by simply rephrasing it or presenting it in a slightly different manner. We disagree.

¶ 26    Under the *res judicata* doctrine, "a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." (Internal quotation marks omitted.) *People v. Stoecker*, 2020 IL 124807, ¶ 29, 181 N.E.3d 201. Additionally, "[t]he doctrine of collateral estoppel bars relitigation of an issue that was already decided in a prior case." *Hurlbert v. Charles*, 238 Ill. 2d 248, 255, 938 N.E.2d 507,

- 10 -

512 (2010). For collateral estoppel to apply, three requirements must be met:

> "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." (Internal quotation marks omitted.) *Id.*

¶ 27    Here, although defendant previously raised constitutional challenges to his conviction and sentence, those challenges were not the same as the one he currently raises on appeal. Rather, defendant previously challenged his sentence under the proportionate penalties clause, arguing that he was subject to a harsher penalty than other allegedly identical offenses or that his sentence was "cruel, severe, disproportionate, and undermine[d] legislative intent." Although he also raised a due process challenge to his sentence, that challenge was based on the claim that he was subject to an improper double enhancement based upon a single factor—his use of an object the victim believed was a dangerous weapon. Ultimately, on appeal, defendant presents a facial challenge to the constitutionality of a criminal statute that he did not previously raise and that has not been adjudicated on its merits. Under these circumstances, his claim is not barred by either *res judicata* or collateral estoppel.

¶ 28                                C. Due Process

¶ 29    As stated, defendant contends that, contrary to express legislative intent, the nonfirearm version of aggravated criminal sexual assault with which he was convicted exposed him to a harsher penalty than the firearm version of the offense. He contends that although the statute, as written, did not violate due process, it did so in effect because the 15-year sentence enhancement applicable to the firearm version of the offense set forth in section 12-14(a)(8) was

constitutionally infirm and unenforceable. As a result, aggravated criminal sexual assault with a firearm under section 12-14(a)(8) was punishable only within the Class X sentencing range of 6 to 30 years in prison, while he faced a greater sentencing range for the less serious, nonfirearm version of the offense set forth in section 12-14(a)(1)—a Class X sentencing range plus the application of a mandatory 10-year enhancement. Thus, according to defendant, the version of the aggravated criminal sexual assault statute under which he was sentenced violated his right to due process and was void *ab initio*.

¶ 30 "All statutes carry a strong presumption of constitutionality." *People v. Pepitone*, 2018 IL 122034, ¶ 12, 106 N.E.3d 984. "To overcome this presumption, the party challenging the statute must clearly establish that it violates the constitution." (Internal quotation marks omitted.) *People v. Rizzo*, 2016 IL 118599, ¶ 23, 61 N.E.3d 92. A statute should be upheld whenever reasonably possible, with all doubts being resolved in favor of its validity. *Pepitone*, 2018 IL 122034, ¶ 12.

¶ 31 Generally, "the legislature, under the State's police power, has wide discretion to prescribe penalties for defined offenses." *People v. Bradley*, 79 Ill. 2d 410, 417, 403 N.E.2d 1029, 1032 (1980) "The legislature's power to fix penalties is, however, subject to the constitutional proscription which prohibits the deprivation of liberty without due process of law." *Id.* In particular, "[t]he fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV) and article I, section 2, of the Illinois Constitution (Ill. Const. 1970, art. I, § 2) both provide that no person shall be deprived of life, liberty, or property without due process of law." *Pepitone*, 2018 IL 122034, ¶ 13.

¶ 32 "[T]he standard of a proper exercise of the police power is whether the statute is reasonably designed to remedy the evils which the legislature has determined to be a threat to the

public health, safety and general welfare." (Internal quotation marks omitted.) *Bradley*, 79 Ill. 2d at 417; see *Rizzo*, 2016 IL 118599, ¶ 45 ("[T]o pass muster under the due process clause, a penalty must be reasonably designed to remedy the particular evil that the legislature was targeting." (Internal quotation marks omitted.)). "The test *** focuses on the purposes and objectives of the enactment in question." *Bradley*, 79 Ill. 2d at 417.

¶ 33 In arguing that the 10-year enhancement in this case violates his right to due process, defendant relies heavily on our supreme court's decision in *Bradley*. There, the court found a provision of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56 ½, ¶ 1402(b)) violated due process because it provided a greater penalty for mere possession of a controlled substance than for the delivery of the same substance. *Bradley*, 79 Ill. 2d at 418. Specifically, under the statutory provisions at issue, possession of a controlled substance was punishable as a Class 3 felony, with a sentencing range of 1 to 10 years in prison, while delivery of the same substance was punishable as a Class 4 felony, with a sentencing range of 1 to 3 years in prison. *Id.* at 414. The supreme court noted, however, that in a different section of the Illinois Controlled Substances Act, the legislature had clearly and expressly stated that it "intended that those who traffic in and deliver drugs should be subject to more severe sentences than those who merely possess them." *Id.* at 418. Accordingly, by prescribing a greater punishment for possession than for delivery of the same substance, the statutory provision at issue was "in contravention of the express intent of the legislature" and "not reasonably designed to remedy the evil which the legislature determined to be a greater threat to the public." *Id.*

¶ 34 Here, when enacting the 15/20/25-to-life sentence enhancements, the legislature clearly expressed that its intent was "to deter the use of firearms in the commission of a felony offense." 720 ILCS 5/33A-1(b) (West 2000). It also stated that it "deem[ed] it appropriate for a

greater penalty to be imposed when a firearm is used or discharged in the commission of an offense than the penalty imposed for using other types of weapons." *Id.* "Although codified as part of the armed violence statute, these legislative findings were enacted as part of Public Act 91-404, which enhanced the penalty for numerous offenses committed while in possession of a firearm," including aggravated criminal sexual assault. *Sharpe*, 216 Ill. 2d at 531 n.5. "[B]y its very terms the statement applies to enhancements added to 'armed violence and other serious felony offenses.' " *Id.* (quoting 720 ILCS 5/33A-1(b)(2) (West 2002)). Accordingly, like in *Bradley*, the present case involves a clear expression of legislative purpose.

¶ 35    However, although the legislature intended that a greater penalty be imposed when a firearm is used in the commission of a felony such as aggravated criminal sexual assault, the 2006 aggravated criminal sexual assault statute did not effectuate that intent. Defendant was convicted of aggravated criminal sexual assault under section 12-14(a)(1), a nonfirearm version of the offense, which required that "the accused displayed, threatened to use, or used a dangerous weapon, other than a firearm, or any object fashioned or utilized in such a manner as to lead the victim *** to believe it to be a dangerous weapon." 720 ILCS 5/12-14(a)(1) (West 2006). As discussed, the offense was punishable as a Class X felony, with a mandatory 10-year sentence enhancement, subjecting defendant to an applicable sentencing range of 16 to 40 years in prison. 730 ILCS 5/5-8-1(a)(3) (West 2006); 720 ILCS 5/12-14(d)(1) (West 2006).

¶ 36    Conversely, aggravated criminal sexual assault while armed with a firearm, under section 12-14(a)(8), was punishable as Class X felony, with a mandatory 15-year enhancement. Ultimately, however, the 15-year enhancement was deemed constitutionally infirm in that it violated the proportionate penalties clause. *Pelo*, 404 Ill. App. 3d at 883; *Lampkins*, 2015 IL App (1st) 123519, ¶ 14. As a result, the 15-year enhancement was unenforceable and had no effect,

meaning that the firearm version of the offense set forth in section 12-14(a)(8) was only punishable without the enhancement and as a Class X felony, with a sentencing range of 6 to 30 years in prison. See *People v. Taylor*, 2015 IL 117267, ¶ 15, 25 N.E.3d 627 ("A sentence based on a statute that violates the proportionate penalties clause is facially unconstitutional and thus void *ab initio*."); see also *Blair*, 2013 IL 114122, ¶ 30 (stating a statute that is void *ab initio* will be given no effect and that, instead, the prior law is the one that applies). Accordingly, contrary to express legislative intent, under the 2006 statutory scheme applicable to defendant, an accused faced a greater penalty for the nonfirearm version of aggravated criminal sexual assault than the firearm version of the offense.

¶ 37　　　　The State notes that this court's decision in *Pelo* did not affect the validity of the 20-year and 25-year-to-life enhancements applicable to aggravated criminal sexual assault based on an accused personally discharging a firearm (720 ILCS 5/12-14(a)(9) (West 2006)) or personally discharging a firearm and causing "great bodily harm, permanent disability, permanent disfigurement, or death to another person" (*id.* § 12-14(a)(10)). It reasons that because those firearm enhancement provisions are valid under the 2006 statutory scheme, the 10-year enhancement for a nonfirearm version of the offense "cannot exceed the penalty for aggravated [criminal] sexual assault with a firearm."

¶ 38　　　　The State's argument is unpersuasive. The validity of the 20-year and 25-year-to-life enhancements does not alter the fact that the 15-year enhancement, which also applied to a firearm-related version of aggravated criminal sexual assault, was deemed constitutionally infirm and unenforceable. Accordingly, despite the validity of the more severe firearm enhancements, the 2006 statutory scheme still punished a nonfirearm version of aggravated criminal sexual assault more harshly than a firearm version of that offense. Like in *Bradley*, a

statute that imposes greater punishment for a less serious offense in contravention of express legislative intent means the statute was "not reasonably designed to remedy the evil which the legislature determined to be a greater threat to the public" and violated due process. *Bradley*, 79 Ill. 2d at 418. We find that the 10-year sentencing enhancement applicable to section 12-14(a)(1), which was applied to defendant's sentence, was unconstitutional and void and that the matter should be remanded to the trial court for defendant to be resentenced without the 10-year enhancement.

¶ 39                                    III. CONCLUSION

¶ 40            For the reasons stated, we vacate defendant's sentence and remand for resentencing without the 10-year sentencing enhancement applicable to section 12-14(a)(1).

¶ 41            Sentence vacated; cause remanded.

*People v. Taylor*, 2024 IL App (4th) 231066

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Peoria County, No. 07-CF-767; the Hon. Katherine S. Gorman, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Santiago A. Durango, and Sean Conley, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Jodi M. Hoos, State's Attorney, of Peoria (Patrick Delfino, David J. Robinson, and David E. Mannchen, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |